THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

POWER RENTAL OP CO, LLC,

    *Plaintiff*,

    v.

VIRGIN ISLANDS WATER AND
POWER AUTHORITY,

    *Defendant.*

Case No. 24-mc-070 (MAJ)

## OPINION AND ORDER

### I.    Introduction

On February 23, 2024, Power Rental Op Co, LLC ("Plaintiff") registered with this Court a judgment in its favor issued by the U.S. District Court for the Middle District of Florida ("Middle District of Florida") pursuant to 28 U.S.C. § 1963.[1] (**ECF No. 1**). On February 25, 2024, Plaintiff filed a Motion for Execution of Judgment, which this Court granted. (**ECF Nos. 3, 4**). The Writ of Execution was issued that same day. (**ECF No. 5**).

Pending before the Court is the Virgin Islands Water and Power Authority's ("Defendant") Emergency Motion to Quash Writ of Execution of Judgment (the "Motion") filed on April 18, 2024.[2] (**ECF No. 7**). For the reasons stated hereafter, the Court **DENIES** Defendant's Motion.

---

[1]    "A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal . . . ." 28 U.S.C. § 1963.

[2]    Also before the Court are Plaintiff's response (**ECF No. 11**), Defendant's reply (**ECF No. 14**), and Plaintiff's sur-reply (**ECF No. 17**).

## II.      Relevant Factual Background[3]

### i.      The Parties' Relationship

Plaintiff is a limited liability company with its principal place of business and headquarters in Florida. *Power Rental Op Co., LLC v. Virgin Islands Water & Power Auth.*, 548 F. Supp. 3d 1193, 1195 (M.D. Fla. 2021). Defendant is a municipal corporation existing under the laws of the U.S. Virgin Islands ("Virgin Islands") with a mandate to provide water and power to residential and commercial customers in the Virgin Islands. *Id.*

In 2013, the two entities entered into a business relationship which began to deteriorate when Defendant failed to make required monthly payments to Plaintiff. *Id.* at 1196. The nature of the business relationship was summarized by the Middle District of Florida as follows:

> On February 15, 2012, General Electric International ("GE") entered into a contract (the "Rental Agreement") with [Defendant] for the provision of water and energy-related services and rental of power generation equipment and water treatment systems. In exchange for the equipment and services, [Defendant] was required to make monthly payments. In 2013, due to an acquisition of GE businesses, [Plaintiff] assumed ownership of the Rental Agreement.

*Id.* at 1195. By 2019, Defendant owed Plaintiff $14,291,986.00. *Id.* However, Plaintiff agreed to reduce the amount owing to $9,310,971.00, in exchange for Defendant issuing a promissory note ("Note") for the reduced amount. *Id.*

In June 2020, Defendant defaulted on the Note. *Id.* at 1997.  Accordingly, Plaintiff filed suit in the Duval County Circuit Court, a Florida state level court, alleging breach of promissory note, services rendered, and quantum meruit. *Id.* There, Plaintiff also filed an

---

[3]      For the sake of clarity, the relevant facts are taken from the various opinions issued by the Middle District of Florida during the course of the litigation before that court.

ex parte motion for pre-judgment writs of garnishment, which the state trial court granted. *Id*. Defendant timely removed the case to the Middle District of Florida. *Power Rental Op Co, LLC v. Virgin Islands Water & Power Auth*., 20-cv-1015, 2021 WL 9881137, at *1 (M.D. Fla. July 6, 2021). The Middle District of Florida made three pertinent rulings for the purposes of this Opinion and Order. These include: (1) an order granting Defendant's motion to dissolve pre-judgment writs of garnishment; (2) an order granting Plaintiff's motion for summary judgment; and (3) an order granting Plaintiff's motion for order directing Defendant to complete a fact information sheet.

### ii.      Order Granting Defendant's Motion to Dissolve Pre-Judgment Writs of Garnishment

After removing the case to the Middle District of Florida, Defendant filed a motion to dissolve the pre-judgment writs of garnishment issued by the Duval County Circuit Court. *Id*. at 1. Defendant argued that Florida courts lacked jurisdiction to issue the writs because they did not have bank accounts located in Florida. *Id*. The Middle District of Florida was thus tasked with answering the question of "whether trial courts must have in rem jurisdiction over assets to issue a pre-judgment writ of garnishment, and what is the situs/location of a bank account in light of modern banking practices." *Id*. at 2.

In answering this question, the Middle District of Florida noted that under Fed. R. Civ. P. 64, garnishment actions in Florida federal courts are governed by the procedures of the applicable Florida statutes. *Id*. In applying Florida law, the Middle District of Florida ultimately held that "trial courts must have in rem jurisdiction over bank accounts to garnish them . . . [and] that the Florida garnishment statute does not apply extraterritorially to out-of-state bank accounts." *Id*. at 8. Because Plaintiff was unable to demonstrate that Defendant had bank accounts located in Florida, the Middle District of

Florida granted the motion to dissolve the pre-judgment writs of garnishment. In so

holding, the Middle District of Florida noted that Plaintiff had only submitted documents

suggesting Defendant maintained accounts in Puerto Rico. *Id.* at 9.

### iii.    Order Granting Plaintiff's Motion for Summary Judgment

Thereafter, Plaintiff filed a motion for summary judgment on all three of its claims.

*Power Rental Op Co., LLC,* 548 F. Supp. 3d 1193 (M.D. Fla. 2021). In response, Defendant

argued first that Plaintiff's claims must fail because Defendant has sovereign immunity

which cannot be waived.[4]  *Id.* at 1201. The Middle District of Florida disagreed, noting

that U.S. Virgin Islands "immunities law does not preclude courts from entering

judgments against [Defendant], or preclude [Defendant] from using its assets to satisfy

such judgments." *Id.* at 1201.

Defendant next argued that Plaintiff's claims are barred because Plaintiff

materially breached the Rental Agreement between the two parties. *Id.* at 1201. The

Middle District of Florida again disagreed, noting that as per the Note, Defendant waived

"all defenses." *Id.* at 1201. Under New York law, which applies substantively to the Note,

it found this waiver is enforceable. *Id.* Accordingly, finding no genuine dispute as to

material fact, the Middle District of Florida granted Plaintiff's motion for summary

judgment.[5] Judgment was entered in favor of Plaintiff in the amount of $6,519,743.57,

plus post-judgment interest at the rate of 0.07% per annum. (**ECF No. 112**).[6] Though

---

[4]     The Middle District of Florida noted that this defense was only raised in Defendant's Answer, not in opposing the motion for summary judgment, but addressed it nonetheless. *Id.*

[5]     Summary judgment was granted in favor of Plaintiff on its breach of promissory note claim but dismissed without prejudice as to the services rendered and quantum meruit claim. *Power Rental Op Co., LLC v. Virgin Islands Water & Power Auth.*, 548 F. Supp. 3d 1193, 1202 (M.D. Fla. 2021). The Middle District of Florida also ordered that Defendant pay Plaintiff its attorneys' fees, expenses, and costs, in the amount of $349,279.32. This can be found at ECF No. 112 in Civil Case No. 20-cv-01015 in the Middle District of Florida.

[6]     This docket entry can be found at Civil Case No. 20-cv-01015 in the Middle District of Florida.

Defendant filed a timely notice of appeal, it subsequently voluntarily dismissed it. (**ECF Nos. 113, 115**).[7]

### iv. Order Granting Plaintiff's Motion for Order Directing Defendant to Complete a Fact Information Sheet

After the Middle District of Florida entered judgment in favor of Plaintiff, Defendant failed to satisfy the judgment. *See Power Rental OP CO, LLC v. Virgin Islands Water & Power Auth.*, 20-cv-1015, 2023 WL 4187095, at *1 (M.D. Fla. May 31, 2023), *report and recommendation adopted sub nom., Power Rental Op Co., LLC v. Virgin Islands Water & Power Auth.*, 20-cv-1015, 2023 WL 4181246 (M.D. Fla. June 26, 2023). Accordingly, Plaintiff requested an order directing Defendant to complete a "Fact Information Sheet," as under Florida law, "the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete the fact information sheet, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court." *Id.* (internal citations and quotations omitted) (emphasis in original). This is to aid in the execution of judgment.

In response, Defendant argued that it "should not be compelled to fill out the Fact Information Sheet for the simple reason that its assets are immune from collection" under 30 VIC § 111.[8] *Id.* The Middle District of Florida disagreed and found that Defendant expressly "waived any statutory exemption defense from post-judgment execution proceedings." *Id.* at 2. In so finding, the Magistrate Judge—and District Judge thereafter—cited to the Note which provides in relevant part that:

---

[7]      This docket entry can be found at Civil Case No. 20-cv-01015 in the Middle District of Florida.

[8]      Briefly, 30 VIC § 111 of the Virgin Islands Code states that "All property including funds of the Authority shall be exempt from levy and sale by virtue of an execution, and no execution or other judicial process shall issue against the same nor shall any judgment against the Authority be a charge or lien upon its property . . . ." VI ST tit. 30, § 111.

Maker unconditionally and irrevocably agrees that the execution, delivery and performance by it of this Note constitute private and commercial acts. In furtherance of the foregoing, Maker hereby irrevocably and unconditionally agrees that, to the extent permitted by Applicable Law,

    (i)     should any proceedings be brought against Maker or its assets . . . in any jurisdiction in connection with this Note, *no claim of immunity from such proceedings shall be claimed by or on behalf of Maker on behalf of itself or any of its assets* (other than Protected Assets);[9]

    (ii)    it *waives any right of immunity which it or any of its assets* (other than Protected Assets) *now has or may in the future have* in any jurisdiction in connection with any such proceedings; and

    (iii)    it *consents generally in respect of the enforcement of any judgment against it in any such proceedings in any jurisdiction*, to the giving of any relief or the issuance of any process in connection with such proceedings, including, without limitation, the making, *enforcement or execution against or in respect of any of its assets* (other than Protected Assets).

*Id.* (emphasis added). Accordingly, the Middle District of Florida found Plaintiff to be a "valid judgment creditor" seeking "the enforcement of the relief to which it is entitled," and ordered Defendant to complete the sheet. *Id.* at 2-3. Notably, Defendant did not appeal the Middle District of Florida's finding.

## III.    Applicable Law and Analysis

Here, Defendant maintains that the Writ must be quashed for three reasons. First, because it is unlawful under U.S. Virgin Islands law. (**ECF No. 7 at 2 ¶ 5**). Second, because this Court does not have jurisdiction to levy assets outside of Puerto Rico. (**ECF No. 14 at 3**). And finally, because public policy weighs in favor of this Court quashing the

---

[9]    Per the Note, Defendant's "electric system and equipment, its electric distribution assets, and assets protected by diplomatic and consular privileges legislation analogous to the 1976 Sovereign Immunities Act of the United States" constitute its "Protected Assets." *See* ECF No. 73-1 at 5 of Civil Case No. 20-cv-01015 in the Middle District of Florida.

Writ.[10] *Id*. at 8. The Court will address each argument in turn.

### i.      The Writ is a Violation Under U.S. Virgin Islands Law

In arguing the Writ is unlawful under U.S. Virgin Islands law, Defendant points to

30 VIC § 111 of the Virgin Islands Code, which states in relevant part that,

> All property including funds of the Authority[11] shall be exempt from levy
> and sale by virtue of an execution, and no execution or other judicial process
> shall issue against the same nor shall any judgment against the Authority be
> a charge or lien upon its property . . . .

(**ECF No. 7 at 2 ¶ 6**). However, as Plaintiff correctly points out, this issue was already

litigated before the Middle District of Florida. *See Power Rental OP CO, LLC,* 2023 WL

4187095 at 1. There, as previously indicated, the Middle District of Florida held that

"Defendant waived its statutory exemption from post-judgment execution proceedings."

*Id*. at 2. The Court is disinclined to revisit this ruling for several reasons.

First, as Plaintiff contends, "the law of the case doctrine" generally precludes this

Court from revisiting an issue already decided by itself or by another court. (**ECF No. 17**

**at 5**). More specifically, the law of the case doctrine is "the notion that when a court

decides upon a rule of law, that decision should continue to govern the same issues in

subsequent stages in the same case." *Tonge Landrón v. Drs. Ctr. Hosp. San Juan, Inc.*,

19-cv-1061, 2021 WL 11962974, at \*2 (D.P.R. July 29, 2021) (internal citations and

quotations omitted); *Ellis v. United States*, 313 F.3d 636, 646 (1st Cir. 2002) ("The orderly

functioning of the judicial process requires that judges of coordinate jurisdiction honor

one another's orders and revisit them only in special circumstances."). In other words, "a

---

[10]      The First Circuit has made clear that a party waives any argument raised for the first time in a reply
brief. *See Gonzalez Canton v. Mad Ruk Ent., Inc.*, 22-cv-1458, 2023 WL 4546545, at \*9 (D.P.R. July 13,
2023) (collecting cases). Because this argument was raised for the first time by Defendant in its Reply, the
Court will not opine as to this argument.
[11]      The "Authority" for purposes of this statute refers to Defendant. (**ECF No. 7 at 2 ¶ 6**); VI ST tit.
30, § 102.

legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation." *Id.* (quoting *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993)); *United States v. Matthews*, 643 F.3d 9, 12-13 (1st Cir. 2011) (the law of the case doctrine "bars a party from resurrecting issues that either were, or could have been, decided on an earlier appeal.").

In response, Defendant argues that the Court may "reopen issues decided in earlier stages of the same litigation . . . if the Court is convinced that the prior litigation is clearly erroneous and would work a manifest injustice." (**ECF No. 14 at 13 ¶ 23**) (citing *Agostini v. Felton*, 521 U.S. 203, 236 (1997)) (internal quotations omitted); s*ee also United States v. Eilberg*, 553 F. Supp. 1, 3-4 (D.D.C. 1981) ("[A] district judge has power to overrule or ignore an earlier decision, but this power should only be used in extraordinary circumstances.") (collecting cases); *see also Mwani v. Al Qaeda*, 600 F. Supp. 3d 36, 49 (D.D.C. 2022) (collecting cases). The First Circuit has outlined what circumstances justify revisiting a ruling previously made in the same proceeding by a judge of coordinate jurisdiction, namely: the ruling was made on an inadequate record or was designed to be preliminary or tentative; there has been a material change in controlling law; newly discovered evidence bears on the question; and to avoid manifest injustice. *Ellis,* 313 F.3d at 648. Notably, "a litigant seeking to fit within [the] confines [of the manifest injustice option] must negotiate a steep uphill climb. [] [A] finding of manifest injustice requires, at a bare minimum, a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong and resulted in prejudice." *United States v. Moran*, 393 F.3d 1, 8 (1st Cir. 2004) (internal citations and quotations omitted).

The Court finds no such circumstances here. The parties before the Court are the

same as those before the Middle District of Florida, no new facts or evidence have been

introduced, and Defendant did not move for reconsideration of or appeal the ruling. Nor

does the Court find that the ruling is so obviously wrong it warrants reconsideration, as

will be further explained below.

Second, to the extent Defendant is seeking relief from the order under Fed. R. Civ.

P. 60(b), "[g]enerally, when the judgment of a district court is registered in another

district pursuant to 28 U.S.C. § 1963, the registration court may not alter or annul that

judgment." *Hancor, Inc. v. R & R Eng'g Prod., Inc.*, 381 F. Supp. 2d 12, 14 (D.P.R. 2005).

This is because "[w]hen a court entertains an independent action for relief from the final

order of another court, it interferes with and usurps the power of the rendering court . . .

." *Baoding Tianwei Grp. Co. v. PacifiCorp*, 16-mc-80116, 2019 WL 12872868, at \*3 (N.D.

Cal. June 12, 2019), *report and recommendation adopted*, No. 16-MC-80116-JD, 2019

WL 12872864 (N.D. Cal. Sept. 20, 2019); *see also Indian Head Nat. Bank of Nashua v.*

*Brunelle*, 689 F.2d 245, 249 (1st Cir. 1983) ("Courts of registration presented with Rule

60(b) motions have themselves shown a marked reluctance to entertain them, generally

deferring to the rendering courts."); *F.D.I.C. v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996)

("[C]ourts generally prefer litigants to bring motions for post-judgment relief in the

rendering court.").

While the First Circuit has recognized the application of Fed. R. Civ. P. 60(b) in the

context of judgments registered pursuant to 28 U.S.C. § 1963,[12] "[i]t is [also] well settled

that Rule 60(b) motions may not be used as a substitute for a timely appeal." *Sea-Land*

---

[12]     The "First Circuit has suggested two classes of cases that can present exceptions to that general
rule: those alleging that the judgment is void for lack of jurisdiction or because of fraud, accident or mistake,
and those asserting grounds that would support an independent equitable action." *In re Joint E. & S.*
*Districts Asbestos Litig.*, 22 F.3d 755, 763 n. 16 (7th Cir. 1994) (citing *Indian Head Nat. Bank of Nashua v.*
*Brunelle*, 689 F.2d 245 (1st Cir. 1983)).

*Serv., Inc. v. Cerámica Europa II, Inc.*, 160 F.3d 849, 853 (1st Cir. 1998); *Fortaleza Equity Partners REO I, LLC v. Hung-Vázquez,* 15-cv-1387, 2024 WL 1230242, at \*2 (D.P.R. Jan. 16, 2024) (citing same). As mentioned, Defendant did not move for reconsideration of or file an appeal of the Middle District of Florida's order. This counsels against the Court intervening pursuant to Fed. R. Civ. P. 60(b). *See Ainooson v. Gelb*, 14-cv-1077, 2015 WL 13926884, at \*1 (1st Cir. Apr. 13, 2015) ("A motion for relief from judgment cannot be used merely to reargue a point already decided.") (quoting *Barrett v. Lombardi*, 239 F.3d 23, 28 (1st Cir. 2001)).Regardless, the Court sees no obvious error in the Middle District of Florida's ruling that would work a manifest injustice.

To elaborate, Defendant maintains "it is indisputable that the law is well settled that the subject funds are exempt from seizure," and cites to six cases in support. (**ECF No. 14 at 3**); *see Concepción v. Soto*, 519 F.2d 405 (3d Cir. 1975); *Crown Builders, Inc. v. Stowe Eng'g Corp.*, 8 F. Supp. 2d 483 (D.V.I. 1998); *Turbe v. Gov't of V.I.*, 938 F.2d 427 (3d Cir. 1991); *Cintron v. V.I. Port Auth.*, 18 V.I. 105 (V.I. Terr. Ct. 1981);[13] *Petersen v. V.I. Water & Power Auth.*, 2009 No. ST-08-cv-577, 2009 WL 8391635 (V.I. Super. Ct. Oct. 16, 2009); *Murphy Rigging & Erecting, Inc.*, v, *Virgin Islands Water & Power Authority,* ST-2019-cv-00661 (V.I. Super. Ct. Aug. 25, 2021). However, a closer look at these cases reveals they are easily distinguishable from the instant matter.

Of the first five mentioned, none address the issue that was before the Middle District of Florida, which is whether Defendant maintains its statutory exemption from post-judgment execution proceedings in a *breach of promissory note action* after *waiving* it. In *Concepción v. Soto*, the Third Circuit held that judgment could not be

---

[13]      Defendant is not a named party in this case, nor does it appear the holding directly applies to it.

executed against Defendant in a *tort action* for personal injury. 519 F.2d 405 (3d Cir. 1975). In *Crown Builders, Inc. v. Stowe Eng'g Corp.*, there was a dispute between a contractor and subcontractor about work done on Defendant's property. 8 F. Supp. 2d 483 (D.V.I. 1998). With regards to Defendant specifically, the district court simply stated that because Defendant is exempt from all liens and execution, the plaintiff "was denied the usual protection of a construction lien against the land and property of the owner whose property is improved by the subcontractor's efforts." *Id.* There was no mention of any waiver of any immunity. In *Turbe v. Gov't of V.I.*, the Third Circuit found no liability on the part of Defendant in a *negligence claim* against it for failure to repair streetlights in the area that led to a criminal assault. 938 F.2d 427 (3d Cir. 1991). In so holding, the Third Circuit expressly rejected Defendant's broad claims of immunity under 30 VIC § 111 and stated this provision does not immunize it from all tort liability, and that a plaintiff may be able to satisfy a judgment against Defendant by relying on Defendant's liability insurance. *Id.* And finally, in *Petersen v. V.I. Water & Power Auth.*, the Superior Court of the Virgin Islands held that Defendant does not enjoy sovereign immunity such that the notice provisions of the Virgin Islands Tort Claims Act apply to it. 2009 No. ST-08-cv-577, 2009 WL 8391635 (V.I. Super. Ct. Oct. 16, 2009). As can be seen, none of these cases touch on Defendant's exemption from execution of judgments in *breach of promissory note actions* in which this exemption was *waived*. Thus, they are inapposite to the instant matter.

The final case cited, *Murphy Rigging & Erecting, Inc.*, v. *Virgin Islands Water & Power Authority* comes closest to the issue before this Court. ST-2019-cv-00661 (V.I.

Super. Ct. Aug. 25, 2021).[14] There, the plaintiff obtained a default judgment against Defendant in the Minnesota State District Court for breach of contract. *Murphy Rigging & Erecting, Inc. v. Virgin Islands Water & Power Auth.*, 76 V.I. 480, 483, 2022 VI 5, ¶ 3 (2022). On December 2, 2019, the plaintiff filed a petition for domestication of the Minnesota judgment in the Superior Court of the Virgin Islands, which was granted. *Id.* ¶¶ 4, 5. Thereafter, Defendant filed a motion to quash the writ of execution, "relying exclusively on title 30, section 111(a) of the Virgin Islands Code . . . ." *Id.* at 5 ¶ 6. In opposition, the plaintiff argued that "following [Defendant's] interpretation to its logical conclusion would mean that [Defendant] could breach every contract and never pay a bill." *Id.* (cleaned up). Defendant conceded "that it cannot and has not asserted a claim of sovereign immunity or governmental immunity from lawsuits or damages, [] [and] that any sovereign immunity it could exercise under the Revised Organic Act had been categorically waived." *Id.* "Nevertheless, it asserted that the plain text of section 111(a) places a limitation on the enforcement of a judgment or writ of execution against [Defendant] and that this clear restriction applies to both tort and contract claims." *Id.* (internal quotations omitted) (cleaned up).

On August 30, 2021, the Superior Court of the Virgin Islands granted Defendant's motion to quash, stating that it:

> agreed [] that Section 111(a) precluded the use of a writ of execution or other judicial process to enforce a monetary judgment against [Defendant] and noted that while prior cases applying Section 111(a) had occurred in the personal injury context, no case had actually held that Section 111(a) was inapplicable to contract cases . . . .

*Id.* ¶ 7. The plaintiff filed an appeal with the Supreme Court of the Virgin Islands raising

---

[14] The Court refers to the Supreme Court of the Virgin Islands summation of the case and decision of the Superior Court of the Virgin Islands. A copy of the Superior Court opinion can be found at ECF No. 14 at 28.

constitutional challenges to Section 111(a). *Id*. ¶ 8.

However, the Supreme Court never reached the merits of the issue. Instead, the Superior Court order was vacated because "the domestication petition filed with the Superior Court on December 2, 2019 . . . was a nullity with no legal effect whatsoever because it was signed and filed by individuals who lacked the authority to practice law in the Virgin Islands."[15] *Id*. at 5 ¶ 17. This being the only case *similar* to the one before this Court, which has since been vacated, it is far from "settled" that Defendant is exempt from execution of judgments in breach of promissory note actions after waiving its immunity from such.[16] Accordingly, the Court is unpersuaded and will not grant Defendant the extraordinary relief it seeks in disturbing the Middle District of Florida's ruling.

### ii.   The Court Lacks Jurisdiction to Levy Defendant's Assets[17][18]

---

[15]    The Supreme Court of the Virgin Islands then, in a footnote, stated "it is not necessary for us to consider any of the other issues that the parties have raised as part of this appeal." *Murphy Rigging & Erecting, Inc. v. Virgin Islands Water & Power Auth.*, 76 V.I. 480 at 490, n. 3.

[16]    Regardless, it is unclear what effect, if any, this argument would have on the instant matter were it settled. Because the Note is governed by New York law, Defendant would need to demonstrate that this waiver is void under New York law. While this argument was not raised before this Court, it was raised before the Middle District of Florida in Plaintiff's "Motion Requesting Order Directing Defendant to Complete the Fact Information Sheet." *See* ECF Nos. 116 and 121 in Case No. 20-cv-01015 in the Middle District of Florida. And though not directly addressed, the Middle District of Florida's holding implies Defendant failed to show the waiver was void under New York law. This is in line with the general principle that under New York law "a contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself." *Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of New York*, 735 F. Supp. 2d 42, 56 (S.D.N.Y. 2010) (internal citation omitted). "Indeed, New York courts treat with skepticism claims by sophisticated commercial actors that the terms for which they bargained should not be enforced, finding that such an outcome would undermine freedom of contract." *Id*. at 64. Had Defendant taken issue with this holding, as mentioned, it should have moved for reconsideration or filed a timely appeal. Absent extraordinary circumstances, this Court is not the proper venue to reconsider the findings of a rendering court.

[17]    As Plaintiff correctly points out, this argument was not raised in Defendant's Motion and was instead raised for the first time in its Reply. Absent exceptional circumstances, the First Circuit has made clear that a party waives any argument raised for the first time in a reply brief. *See Gonzalez Canton v. Mad Ruk Ent., Inc.*, 22-cv-1458, 2023 WL 4546545, at *9 (D.P.R. July 13, 2023) (collecting cases). However, because this touches on the Court's jurisdiction, it will be addressed.

[18]    Briefly, Defendant also argues that this issue was already litigated before the Middle District of Florida and decided in their favor. Defendant's argument is misguided.

Defendant argued before the Middle District of Florida that the *pre-judgment writ of garnishment* must be dissolved because the accounts in question were located in the U.S. Virgin Islands and thus, outside the Middle District of Florida's jurisdiction. *Power Rental Op Co, LLC,* 2021 WL 9881137, at *1. Pursuant

Moving to Defendant's second argument, Federal Rule of Civil Procedure 69 provides that:

> a money judgment is enforced by a writ of execution unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the *state where the court is located*, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1) (emphasis added). "Puerto Rico is deemed the functional equivalent of a state for the purposes of Rule 69(a)." *Roca Buigas v. LM Waste Servs. Corp.*, 19-cv-1044, 2023 WL 128363, at *2 (D.P.R. Jan. 9, 2023) (quoting *Whitfield v. Municipality of Fajardo*, 564 F.3d 40, 43, fn. 2 (1st Cir. 2009)). As such, this Court looks to Rule 51 of the Puerto Rico Rules of Civil Procedure. *See* T. 32A Ap. V, Rule 51.1 - T. 32A Ap. V, Rule 51.10. However, this rule is silent as to the Court's jurisdiction over assets to be seized pursuant to a writ of execution.

"The traditional method of levy of execution is territorially bounded—which is why judgment creditors are permitted to register judgments in the courts of other states and obtain writs of execution for property in other states." *Lobster 207, LLC v. Pettegrow*, 19-cv-00552, 2023 WL 5604458, at *8 (D. Me. Aug. 30, 2023), *report and recommendation adopted*, 19-cv-00552, 2023 WL 7681700 (D. Me. Nov. 15, 2023) (citing 28 U.S.C. § 1963 and then Restatement (Second) of Judgments Ch. 2 Intro. Note (1982)). However, given the accessibility of modern bank accounts across state lines, the Court must determine its jurisdictional parameters.

---

to Fed. R. Civ. P. 64, the Middle District of Florida applied *Florida* law to the issue of *pre-judgment writs of garnishment* and granted Defendant's request. *Id.* at 2; *see also* Fed. R. Civ. P. 64.

Here, the Court is tasked with the *execution* of the Middle District of Florida's *judgment* under Fed. R. Civ. P. 69. Under said rule, the law of the state in which the court is located governs. *See* Fed. R. Civ. P. 69. Accordingly, the Court is not bound by the Middle District of Florida's finding, as it is not the writ before this Court, nor is it the applicable law.

To that end, Defendant urges the Court to apply the separate entity rule, which is a New York state law from the 1930's[19] that prescribes "that foreign branches of a bank are not subject to execution through process on an in-state office or branch of the bank." *Marisco, Ltd. v. Am. Samoa Gov't*, 889 F. Supp. 2d 1244, 1247 (D. Haw. 2012). The Second Circuit has explained that under New York's separate entity rule, "each bank branch is treated as a separate entity for attachment purposes." *Id*. at 1249 (quoting *Allied Maritime, Inc. v. Descatrade SA*, 620 F.3d 70, 74 (2d Cir. 2010) (internal citations and quotations omitted) (cleaned up). Thus, merely having a branch in New York does not subject accounts outside of New York to attachment. *Id*.

Relying on the separate entity rule, Defendant maintains the account at issue is not a FirstBank of Puerto Rico account, but instead, a FirstBank Virgin Islands account. (**ECF No. 14 at 2**). Accordingly, because the funds are local to the Virgin Islands, wire transactions are directed from within the Virgin Islands, and the funds originate and are deposited in the Virgin Islands, the account in question is outside of this Court's jurisdiction. *Id*. In support, it submitted to the Court an "account opening document" indicating the FirstBank Virgin Islands' letterhead. *Id*. at 17. In response, Plaintiff submitted bank documents indicating money transfers within the FirstBank Puerto Rico and Banco Popular De Puerto Rico accounts. (**ECF No. 17-1**); (**ECF No. 17-2**).

Notably, there is no case law from Puerto Rico state courts,[20] the United States District Court for the District of Puerto Rico, or the First Circuit Court of Appeals interpreting, much less adopting, the separate entity rule in Puerto Rico. Nor does Defendant point to any. Therefore, since the Court is faced with an issue of first

---

[19]     *See Bluebird Undergarment Corp. v. Gómez, 249 N.Y.S.*, 319 (N.Y. City Ct. 1931).
[20]     Under 28 U.S.C. § 1367(e) "the term 'State' includes ... the Commonwealth of Puerto Rico" and will be referred to as such for the purposes of this Opinion and Order. 28 U.S.C. § 1367(e).

impression, we must look to other districts for guidance. The case of *Marisco Ltd. v. Am. Samoa Gov't* provides some. 889 F. Supp. 2d 1244, 1250 (D. Haw. 2012).

There, the plaintiff brought an action for breach of contract against the American Samoa Government ("ASG")—an unincorporated territory of the United States—seeking payment for repair services performed on vessels owned by the ASG. *Id.* at 1246. The parties agreed to enter into a binding arbitration, which ultimately ruled in favor of the plaintiff. *Id.* Thereafter, the plaintiff moved the court to confirm the arbitration award, which the ASG did not oppose. *Id.* The court confirmed the arbitration award and issued a writ of execution. *Id.* The plaintiff then filed an ex parte request for an order directing the disbursement of funds from the Bank of Hawaii ("BOH"). *Id.* at 1245. Among other things, ASG argued that the District of Hawaii did not have jurisdiction over ASG's BOH account domiciled in American Samoa. *Id.* at 1247. In so arguing, ASG cited the separate entity rule.

Because the Hawaii Supreme Court had not addressed the issue of whether to adopt the separate entity rule, the district court undertook the task of predicting how it might rule on the issue. *Id.* at 1250. It ultimately found it unlikely the Hawaii Supreme Court would adopt the separate entity rule, because it is "a somewhat dated and seldom-cited legal doctrine, and rather ancient and entirely obsolete in today's world of highly sophisticated and centralized banking operations." *Id.* (internal citations and quotations omitted) (cleaned up). Accordingly, because ASG could access its funds in both American Samoa and Hawaii—regardless of where the account was opened—judgments could be executed against either location. *Id.* at 1251. This is in line with the holding of other districts faced with the same issue. *See Boland Marine & Indus., LLC v. Bouchard Transportation Co.*, 20-cv-66, 2020 WL 10051743, at *6 (W.D. Tex. Feb. 28, 2020),

*report and recommendation adopted sub nom., Boland Marine & Indus. v. Bouchard Transportation Co.*, 20-cv-66, 2020 WL 10051738 (W.D. Tex. Mar. 26, 2020) ("[T]he court is persuaded that the Texas Supreme Court would reject the separate entity rule and find that bank accounts are located wherever funds are available to the account holder") (collecting cases); *see also Regions Equip. Fin. Corp. v. Blue Tee Corp.*, 313 F.R.D. 568, 571 (E.D. Mo. 2016) (predicting the Missouri Supreme Court would not adopt the separate entity rule); *Stifel Fin. Corp. v. Iannarino*, 18-cv-1223, 2023 WL 343957, at *5 (S.D. Ohio Jan. 20, 2023) ("The Court has been unable to find any Ohio case law either adopting or rejecting the separate entity rule. Though it seems likely that Ohio courts would not follow a rule which many courts have found to be outdated, this Court need not resolve the matter."); *Acme Contracting, Ltd. v. Toltest, Inc.*, 07-cv-10950, 2008 WL 4534175, at *7 (E.D. Mich. Oct. 3, 2008) ("This court has been unable to find any authority indicating that Michigan courts have ever adopted the separate entity rule with respect to garnishment. Moreover, this Court concludes that such a rule is entirely obsolete in today's world of highly sophisticated and centralized banking operations.").

As mentioned, the Puerto Rico Supreme Court has never addressed whether to adopt the separate entity rule. Absent any binding authority on the matter, the Court will similarly attempt to predict how the Puerto Rico Supreme Court would decide the issue.[21]

---

[21]     *See Bi-Rite Enterprises, Inc. v. Bruce Miner Co.*, 757 F.2d 440, 443 (1st Cir. 1985) ("Although Massachusetts allows certification of difficult questions of state law to the Supreme Judicial Court, it is inappropriate for a federal court to use such a procedure when the course state courts would take is reasonably clear."); *56 Assocs. ex rel. Paolino v. Frieband*, 89 F. Supp. 2d 189, 191 (D.R.I. 2000) ("The mere fact that the Rhode Island Supreme Court has not had occasion to address an issue does not, by itself, require certification. A federal court may attempt to predict how [a] state's highest court would rule on [an] issue in a pending federal case. Such predictions may be based upon existing state law or the better reasoned authorities from other jurisdictions.") (internal citations and quotations omitted); *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, 22-cv-08842, 2024 WL 398094, at *8 (S.D.N.Y. Feb. 2, 2024) ("On matters of state law, the Court must follow decisions of the state's highest court. If the state's highest court has not addressed the issue, this Court must predict how that court would do so.") (internal citations omitted).

To that end, the Court observes that in this era of computerized banking, accessing funds or wire transfers can be done online, instantaneously, and worldwide, especially within the same bank. Rather than physically sitting in a bank vault, modern banking has rendered money to be entirely intangible. This development in technology has caused the location of a specific branch to be immaterial when trying to access one's funds. Simply put, "the basis and rationale of the separate entities rule appears to be based on an antiquated view of the banking system that predates modern computerized banking." *Boland Marine & Indus., LLC,* WL 10051743, at *6.

As demonstrated here, FirstBank Puerto Rico had no trouble freezing Defendant's account, despite it being opened in FirstBank Virgin Islands. *Boland Marine & Indus., LLC,* 2020 WL 10051743, at *6 ("As demonstrated here, Wells Fargo had no trouble freezing Bouchard's Account everywhere despite only being served in Austin . . . Accordingly, [the defendant's] intangible property—the Account—is found within the Western District of Texas."); *Regions Equip. Fin. Corp. v. Blue Tee Corp.*, 313 F.R.D. 568, 571 (E.D. Mo. 2016) ("The concerns [the] defendant cites predate modern computerized banking and do not square with the facts here, where Bank of America was able to seamlessly freeze defendant's intangible assets everywhere immediately after it was served with the writ at its Missouri branch.").

Accordingly, the Court predicts that it is unlikely the Puerto Rico Supreme Court would adopt the separate entity rule. The Court thus finds it has jurisdiction to issue the Writ of Execution, and that service of said Writ on FirstBank Puerto Rico is sufficient to execute the judgment.[22] (**ECF No. 17-1**); (**ECF No. 17-2**).

---

[22]     Briefly, during the conference held on 5/8/24, Defendant raised that a court in the U.S. Virgin

## IV.    Conclusion

For the reasons stated above, the Court will not disturb the Middle District of Florida's ruling and finds that it has jurisdiction to issue the writ of execution. Defendant's Motion is thus **DENIED**. (**ECF No. 7**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of May, 2024.

_/s/ **María Antongiorgi-Jordán**_
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**

---

Islands is the appropriate venue to determine whether Defendant is capable of waiving its immunity from post-judgment execution proceedings. In so raising, Defendant has pointed to no authority that demonstrates to this Court that the execution of judgments under 28 U.S.C. § 1963 is discretionary, even when jurisdiction is established.

Moreover, when the Court inquired as to whether the parties had engaged in any meaningful discussion about the execution of the judgment and/or a proposed payment plan, counsel for both parties indicated they have not as of yet. The judgment against Defendant was issued on 10/13/2021, and the order granting Plaintiff's Motion for Order Directing Defendant to Complete Fact Information Sheet was issued on 6/26/23. Defendant's lack of payment and engagement in payment plan negotiations—while the matter has been pending before this Court at least—reflects what the Court perceives to be an intent to not comply with its payment obligations. As the Middle District of Florida held, Plaintiff is a valid judgment creditor seeking the enforcement of the relief to which it is entitled.